**KINGSLEY & KINGSLEY, APC**
ERIC B. KINGSLEY, Esq., Cal. Bar No. 185123
eric@kingsleykingsley.com
KELSEY M. SZAMET, Esq., Cal. Bar No. 260264
kelsey@kingsleykingsley.com
JUSTIN M. AUFDERHAR, Esq., Cal. Bar No. 314023
justin@kingsleykingsley.com
16133 Ventura Blvd., Suite 1200
Encino, CA 91436
Telephone: (818) 990-8300
Fax: (818) 990-2903

**DAVTYAN PROFESSIONAL LAW CORPORATION**
EMIL DAVTYAN, Esq., Cal. Bar No. 299363
emil@davtyanlaw.com
5959 Topanga Canyon Blvd, Suite 130
Woodland Hills, CA 91367
Telephone: (818) 875-2008/ Fax: (818) 722-3974

Attorneys for Plaintiff and the Proposed Classes

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA – FRESNO DIVISION

| | |
|---|---|
| ERIC FELIX, an individual, on behalf of himself and others similarly situated <br><br> PLAINTIFF, <br><br> v. <br><br> WM. BOLTHOUSE FARMS, INC.; and DOES 1 thru 50, inclusive <br><br> DEFENDANTS. | CASE NO. <br><br> **CLASS ACTION COMPLAINT FOR:** <br><br> 1. Violation of the Fair Credit Reporting Act for Failure to Make Proper Disclosures, 15 U.S.C. § 1681b(b)(2)(A)(i); <br> 2. Violation of the Fair Credit Reporting Act for Failure to Obtain Proper Authorization, 15 U.S.C. § 1681b(b)(2)(A)(ii); <br> 3. Failure to Provide Meal Breaks Pursuant to California Labor Code §§ 512 and 226.7 <br> 4. Failure to Provide Rest Breaks Pursuant to California Labor Code § 226.7 |

1

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

5.  Waiting Time Penalties Pursuant to
    California Labor Code § 203
6.  Violation of California Business &
    Professions Code § 17200 et seq.

**DEMAND FOR A JURY TRIAL**

**CLASS ACTION COMPLAINT**

Plaintiff ERIC FELIX ("Plaintiff"), on behalf of himself and all others similarly situated, alleges on information and belief, except for his own acts and knowledge, the following:

# I.

# INTRODUCTION

1.     Defendant WM. BOLTHOUSE FARMS, INC. ("Defendant") is a Michigan Corporation and at all relevant times mentioned herein conducted and continues to conduct substantial and regular business throughout California.

2.     Defendant is a farming company specializing in fresh produce and beverages that include juices, smoothies, protein plus, breakfast smoothies, café drinks, dressings such as Greek yogurt and vinaigrette; and carrots.

3.     Plaintiff applied, was hired, and performed work for Defendant in Bakersfield, California.

4.     Upon information and belief, during the application process, Defendant contracted with Sterling Infosystems Inc. to conduct a background check. Plaintiff filled out Defendant's standard "Consent to Request Consumer Report & Investigative Consumer Report Information" form permitting Sterling Infosystems Inc. to obtain a consumer report verifying Plaintiff's background and experience. ("standard FCRA form").

5.     Defendant's standard FCRA form is attached hereto as **Exhibit 1**. This form is a single "document" for purposes of the FCRA and consists of a disclosure and authorization.

6.     Defendant's FCRA disclosure is invalid on two separate grounds. First, Defendant's FCRA disclosure violates the "standalone" disclosure requirement in 15 U.S.C. § 1681b(b)(2)(A)(i) (the FCRA disclosure must be "in a document that consists solely of the disclosure"). *Gilberg v. California Check Cashing Stores, LLC*, 913 F.3d 1169, 1175 (9th Cir. 2019). Second, Defendant's FCRA disclosure violates the "clear and conspicuous disclosure" requirement in 15 U.S.C. §

**CLASS ACTION COMPLAINT**

1681b(b)(2)(A)(i) because Defendant's FCRA disclosure combines both federal and state disclosures. *Id.* at 1176.

7.    Since Defendant's standard FCRA disclosure is non-complaint, Plaintiff was confused regarding the nature of his rights under the FCRA and accordingly did not give valid authorization for Defendant to procure a consumer report in violation of 15 U.S.C. § 1681b(b)(2)(A)(ii).

8.    From at least four (4) years prior to the filing of this action and continuing to the present, Defendant maintains a consistent policy of failing to provide second meal periods required by California law.   Defendant requires Plaintiff and all Proposed California Class members to work more than ten (10) hours without a second meal period and fails to pay such employees one (1) hour of pay at the employees' regular rate of compensation for each workday that the meal period is not provided or provided after ten (10) hours, as required by California state wage and hour laws.

9.    From at least four (4) years prior to the filing of this action and continuing to the present, Defendant maintains a consistent policy of failing to permit Plaintiff and the Proposed California Class from leaving Defendant's business premises during rest breaks in violation of *Augustus v. ABM Security Services, Inc.*, 2 Cal.5th 257, 269 (2016) (an employer that limits where an employee can take a break does not "relinquish control over how employees spend their time"). In addition, Defendant failed to pay rest period premiums as required by California law for non-compliant rest breaks.

10.    For at least three (3) years prior to the filing of this action and continuing to the present, Defendant failed to pay all wages due at the time of termination or resignation to Plaintiff and the Proposed California Class.

11.    Plaintiff now brings this Class Action on behalf of himself and two proposes classes, defined as:

(1)   All applicants in the United States who filled out WM. BOLTHOUSE FARMS, INC.'s standard "Consent to Request Consumer Report & Investigative Consumer Report Information" form at any time during the period beginning five (5) years prior to the filing of this action to the present. (the "Proposed FCRA Class")

(2)   All current and former non-exempt hourly employees employed by WM. BOLTHOUSE FARMS, INC. within the State of California who worked one or more pay periods since four (4) year prior to the filing of this action to the present. (the "Proposed California Class").

## II.

## JURISDICTION AND VENUE

12.    The Court has jurisdiction over Plaintiff's federal claims pursuant to 28 U.S.C. §1331 and 15 U.S.C. §1681 of the FCRA.

13.    Venue is proper in this district pursuant to 28 U.S.C. §1391(d) because Defendant is subject to personal jurisdiction in this district, maintains offices in this district, and the actions at issue took place in this district.

## III.

## THE PARTIES

A.    PLAINTIFF

14.    Plaintiff applied, was hired and performed work for Defendant in Bakersfield, California from June 8, 2017 through July 10, 2018 as a non-exempt hourly employee.

15.    Plaintiff was terminated in-person on July 10, 2018, and received his final paycheck on July 16, 2018.

B.    DEFENDANT

16.    Defendant is a Michigan Corporation. At all times relevant herein, Defendant conducted and continues to conduct business throughout the State of California including hiring and employees such as Plaintiff.

17.    Defendant's entity address listed with the California Secretary of State

1  is 7200 East Brundage Lane, Bakersfield, CA 93307.

2      18.    Defendant requires Plaintiff and all other persons similarly situated to

3  fill out Defendant's standard FCRA form (Exhibit 1) permitting Defendant to obtain

4  a consumer report verifying the applicant's background and experience.

5      19.    Plaintiff is informed and believes and thereon alleges that each

6  Defendant acted in all respects pertinent to this action as the agent of the other

7  Defendant, and/or carried out a joint scheme, business plan or policy in all respects

8  pertinent hereto, and/or the acts of each Defendant are legally attributable to the

9  other Defendant(s).

10                                    **IV.**

11                       **NATURE OF THE ACTION**

12      20.    The FCRA provides individuals with a number of rights. Specifically,

13  pertaining to employment-related background checks referred to as "consumer

14  reports", the FCRA provides that a prospective employee must give valid written

15  authorization to the background check after receiving a compliant written

16  disclosure.

17      21.    The FCRA's disclosure and authorization requirements are listed in 15

18  U.S.C. § 1681b(b)(2)(A).

19      22.    On behalf of the Proposed California Class, Plaintiff alleges that

20  Defendant failed to provide compliant second meal periods or pay meal premiums

21  in lieu thereof (Cal. Lab. Code §§ 226.7 and 512); failed to provide rest periods

22  where the putative class was free to leave the premises or premiums in lieu (Cal.

23  Lab. Code § 226.7); and owes waiting time penalties (Cal. Lab. Code § 203).

24                                    **V.**

25                       **FACTUAL ALLEGATIONS**

26      23.    Plaintiff applied to work for Defendant in California. In connection

27  with his employment application, Plaintiff was required to fill out Defendant's

28  standard FCRA form (Exhibit 1) permitting Defendant to obtain a consumer report

**CLASS ACTION COMPLAINT**

verifying Plaintiff's background and experience.

24.    Upon information and belief, Defendant required all applicants to complete the same standard FCRA form.

25.    Defendant's standard FCRA form is a single "document" for purposes of the FCRA and consists of a disclosure and authorization.

26.    Defendant's FCRA disclosure contained extraneous information such as state disclosures in violation of 15 U.S.C. § 1681b(b)(2)(A)(i)'s so-called "standalone" disclosure and "clear and conspicuous" requirements. *Gilberg*, 913 F.3d at 1175-76.

27.    Accordingly, Plaintiff was confused regarding the nature of his rights under the FCRA and did not give valid authorization for Defendant to procure a consumer report in violation of 15 U.S.C. § 1681b(b)(2)(A)(ii).

28.    Nevertheless, Defendant procured or caused to be procured Plaintiff's consumer report.

29.    Defendant's failure to provide a compliant disclosure, and failure to obtain proper authorization, deprived Plaintiff and others similarly situated of the right to information and the right to privacy guaranteed by 15 U.S.C. § 1681b(b)(2)(A). *Syed v. M-I, LLC*, 853 F.3d 492, 499 (9th Cir. 2017).

30.    By including extraneous information in its standard FCRA disclosure, Defendant's conduct is contrary to the plain language of the statute, case law, and unambiguous regulatory guidance from the Federal Trade Commission ("FTC").

31.    Thus, Defendant "willfully" violated the FCRA.  Defendant knew that its standard FCRA disclosure must not contain surplus or extraneous information related to state disclosures and must be clear and not likely to confuse a reasonable reader.

32.    For at least four (4) years prior to the filing of this action and continuing to the present, when Plaintiff and the Proposed California Class worked shifts over ten (10) hours they were not provided a second meal break or meal premiums in lieu

**CLASS ACTION COMPLAINT**

thereof as required by California law.

33.    For at least four (4) years prior to the filing of this action and continuing to the present, Plaintiff and the Proposed California Class consistently worked shifts where they were not permitted to leave Defendant's business premises during rest breaks. Defendant failed to maintain an accurate policy advising Plaintiff and the Proposed California Class of this right and failed to provide rest premiums in lieu of compliant rest breaks as required by California law.

34.    For at least three (3) years prior to the filing of this action and continuing to the present, Defendant failed to pay all wages due at the time of termination or resignation to Plaintiff and the Proposed California Class.

## VI.

## THE CLASSES

35.    Plaintiff brings this action on behalf of himself and all others similarly situated as a Class Action pursuant to Rule 23(a) and 23(b)(3) of the F.R.C.P. Plaintiff satisfies the requirements of Rule 23(a) and (b)(3) for the prosecution of this action as a class action. Plaintiff seeks to represent two classes defined as follows:

    i.    All applicants in the United States who filled out WM. BOLTHOUSE FARMS, INC.'s standard "Consent to Request Consumer Report & Investigative Consumer Report Information" form at any time during the period beginning five (5) years prior to the filing of this action to the present. (the "Proposed FCRA Class")

    ii.    All current and former non-exempt hourly employees employed by WM. BOLTHOUSE FARMS, INC. within the State of California who worked one or more pay periods since four (4) year prior to the filing of this action to the present. (the "Proposed California Class").

36.    Plaintiff reserves the right to amend or modify the Class description with greater specificity or further division into subclasses or limitation to particular issues.

**CLASS ACTION COMPLAINT**

37.    This class action on behalf of members of the Proposed Classes meets the statutory prerequisites for the maintenance of a class action as set forth in Rule 23(a) and 23(b)(3) of the F.R.C.P.

A.    <u>Numerosity</u>

38.    The Proposed Classes are so numerous that joinder of all class members is impracticable.

39.    While the precise number of members of the Proposed FCRA Class has not been determined at this time, Plaintiff is informed and believes that Defendant, during the relevant period, had applicants that numbered well over 1,000.

40.    Similarly, while the precise number of Proposed California Class Members has not been determined at this time, Plaintiff is informed and believes that Defendant currently employs, and during the relevant time periods employed over 500 members of the Proposed California Class.

41.    Plaintiff alleges that Defendant's records will provide information as to the number of all members of the Proposed Classes.

B.    <u>Commonality</u>

42.    There are questions of law and fact common to the Proposed FCRA Class that predominate over any questions affecting only individual members of the Class. These common questions of law and fact include, without limitation:

      a.    Whether Defendant's standard FCRA disclosure (Exhibit 1) meets 15 U.S.C. §1681b(b)(2)(A)(i)'s "clear and conspicuous disclosure" requirement;

      b.    Whether Defendant's standard FCRA disclosure is "in a document that consists solely of the disclosure" (15 U.S.C. §1681b(b)(2)(A)(i));

      c.    Whether Defendant acquires applicants' consumer reports without authorization in violation of 15 U.S.C. §1681b(b)(2)(A)(ii); and

d.  Whether Defendant "willfully" violated the FCRA pursuant to 15 U.S.C. §1681n.

43.    Similarly, there are questions of law and fact common to the Proposed California Class that predominate over any questions affecting only individual members of the Class. These common questions of law and fact include, without limitation:

a.  Whether Defendant violated California Labor Code §§ 226.7 and 512 by failing to provide complaint second meal breaks or meal premiums in lieu thereof whenever Plaintiff or a Proposed California Class Member worked a shift over ten (10) hours in a workday;

b.  Whether Defendant violated California Labor Code § 226.7 and IWC Wage Order 1-2001 or other applicable IWC Wage Orders, by failing to inform Plaintiff and the Proposed California Class of their right to leave Defendant's business premises during rest breaks and failing to compensate said employees in lieu of compliant rest periods;

c.  Whether Defendant violated California Labor Code § 203 by failing to pay compensation due and owing at the time that any Proposed California Class Member's employment with Defendants ended; and

d.  Whether Defendant violated California Business & Professions Code § 17200, et seq., as a result of the foregoing California Labor Code violations.

C.    Typicality

44.    The claims of the named Plaintiff are typical of the claims of the members of the Proposed Classes.

45.     Plaintiff is a member of both the Proposed FCRA Class and the Proposed California Class. Plaintiff was an applicant and filled out Defendant's "Consent to Request Consumer Report & Investigative Consumer Report Information" form (Exhibit 1) during his application process.  Plaintiff was subjected to the same unlawful practices as other members of the Proposed California Class. Plaintiff suffered the same injuries and seeks the same relief as members of both proposed classes.

D.     Adequacy of Representation

46.     Plaintiff will fairly and adequately represent and protect the interests of the members of the Proposed Classes.

47.     Counsel for Plaintiff are competent and experience in litigation large complex consumer and wage and hour class actions.

E.     Predominance and Superiority of a Class Action

48.     A class action is superior to other available means for fair and efficient adjudication of this controversy. Individual joinder of all members of the Proposed Classes is not practicable, and questions of law and fact common to the Classes predominate over any questions affecting only individual members.

49.     Class action treatment will allow those similarly situated persons to litigate their claims in the manner that is most efficient and economical for the parties and the judicial system. Plaintiff is unaware of any difficulties that are likely to be encountered in the management of this action that would preclude its maintenance as a class action.

50.     Class action treatment will allow a large number of similarly situated employees to prosecute their common claims in a single forum, simultaneously, efficiently, and without the unnecessary duplication of effort and expense that numerous individual actions would require. Further, the monetary amounts due to many individual class members are likely to be relatively small, and the burden and expense of individual litigation would make it difficult or impossible for individual

members of the members of the Proposed Classes to seek and obtain relief. Moreover, a class action will serve an important public interest by permitting employees harmed by Defendant's unlawful practices to effectively pursue recovery of the sums owed to them.

## VII.

## FIRST CAUSE OF ACTION

## FAILURE TO MAKE PROPER DISCLOSURE IN VIOLATION OF THE FCRA

## [15 U.S.C. § 1681b(b)(2)(A)(i), *ET SEQ.*]

## (BY PLAINTIFF AND ALL MEMBERS OF THE PROPOSED FCRA CLASS AGAINST ALL DEFENDANTS)

51.     Plaintiff, and the other members of the Proposed FCRA Class, reallege and incorporate by this reference, as though set forth herein, the prior paragraphs of this complaint.

52.     Under the FCRA, it is unlawful to procure a consumer report or cause a consumer report to be procured for employment purposes, unless:

    (i)     a clear and conspicuous disclosure has been made in writing to the consumer at any time before the report is procured or causes to be procured, in a document that consists solely of the disclosure, that a consumer report may be obtained for employment purposes; and

    (ii)    the consumer has authorized in writing (which authorization may be made on the document referred to in clause (i)) the procurement of the report.

15 U.S.C. §§ 1681b(b)(2)(A)(i)-(ii)

53.     Defendant's standard FCRA form is unlawful on two separate grounds.

54.     First, Defendant's FCRA disclosure violates the so-called "standalone" disclosure requirement in 15 U.S.C. § 1681b(b)(2)(A)(i) (the FCRA disclosure must be "in a document that consists solely of the disclosure") because Defendant's FCRA

disclosure combines both federal and state disclosures, among other extraneous and irrelevant information. *Gilberg*, 913 F.3d at 1175.

55.    Second, Defendant's FCRA disclosure violates the "clear and conspicuous disclosure" requirement in 15 U.S.C. § 1681b(b)(2)(A)(i). The FCRA disclosure is unclear, as it would "confuse a reasonable reader because it combines federal and state disclosures." *Gilberg*, 913 F.3d at 1176.

56.    The violations of the FCRA were willful based on the clear statutory text, case law guidance, and regulatory guidance. The statutory text of the standalone requirement is straightforward.  The word "solely" in subsection (i) and the one express exception in subsection (ii), which allows the authorization to be on the same document as the disclosure, shows that "the FCRA should not be read to have implied exceptions[.]" *Gilberg*, 913 F.3d at 1175 (citing to *Syed*, 853 F.3d at 501-03).

57.    Defendant also had specific case law to provide guidance. *See Gilberg*, 913 F.3d at 1175 ("*Syed*'s holding and statutory analysis were not limited to liability waivers; *Syed* considered the standalone requirement with regard to *any surplusage*") (citing to *Syed*, 853 F.3d at 501) (emphasis added).

58.    Lastly, informal guidance from the FTC is unambiguous that no extraneous information should be included in the FCRA disclosure.  *See* FTC, Opinion Letter, 1997 WL 33791227, at *1 (Oct. 21, 1997) ("[The] document should include nothing more than the disclosure and the authorization for obtaining a consumer report."); FTC, Opinion Letter, 1998 WL 34323748, at *2 (Feb. 11, 1998) (disclosure may describe the "nature of the consumer reports" it covers, but otherwise should "not be encumbered with extraneous information"); FTC, Opinion Letter, 1998 WL 34323756, at *1 (June 12, 1998) (inclusion of a waiver in a disclosure form violates Section 1681b(b)(2)(A)).

59.    In addition, Defendant's violation of the "clear and conspicuous disclosure" requirement was willful.  Defendant knew that its standard disclosure

form must be clear and not contain extraneous information, such as state disclosures, that would confuse a reasonable person about the nature of his rights under the FCRA.

60.     Plaintiff and all other members of the Proposed FCRA Class are entitled to statutory damages of not less than $100 and not more than $1,000 for every willful violation of the FCRA, pursuant to 15 U.S.C. § 1681n(a)(1)(A).

61.     Plaintiff and all other members of the Proposed FCRA Class are also entitled to punitive damages for these willful violations, pursuant to 15 U.S.C. §1681n(a)(2).

62.     Plaintiff and all other members of the Proposed FCRA Class are further entitled to recover their costs and attorneys' fees, pursuant to 15 U.S.C. §1681n(a)(3).

## VIII.

## SECOND CAUSE OF ACTION

## FOR FAILURE TO OBTAIN PROPER AUTHORIZATION IN

## VIOLATION OF THE FCRA

## [15 U.S.C. § 1681b(b)(2)(A)(ii)]

## (BY PLAINTIFF AND ALL MEMBERS OF THE PROPOSED FCRA

## CLASS AGAINST ALL DEFENDANTS)

63.     Plaintiff, and the other members of the Proposed FCRA Class, reallege and incorporate by this reference, as though fully set forth herein, the prior paragraphs of this Complaint.

64.     Since Defendant's standard FCRA form contains extraneous information, such as state disclosures, the FCRA disclosure does not consist "solely" of the disclosure nor is it "clear and conspicuous" as required by 15 U.S.C. § 1681b(b)(2)(A)(i).

65.     Accordingly, Plaintiff was confused regarding the nature of his rights under the FCRA and did not give valid authorization for Defendant to procure a

consumer report in violation of 15 U.S.C. § 1681b(b)(2)(A)(ii).

66.    Nevertheless, Defendant procured a consumer report or caused a consumer report to be procured for employment purposes on Plaintiff and the Proposed FCRA Class in violation of 15 U.S.C. § 1681b(b)(2)(A).

67.    This violation of the FCRA is willful. 15 U.S.C. §1681n.  Defendant knew that its standard FCRA form must standalone and must be clear and conspicuous. In addition, Defendant knew that proper authorization is not possible without a legally compliant disclosure.

68.    Plaintiff and all other members of the Proposed FCRA Class are entitled to statutory damages of not less than $100 and not more than $1,000 for every willful violation of the FCRA, pursuant to 15 U.S.C. § 1681n(a)(1)(A).

69.    Plaintiff and all other members of the Proposed FCRA Class are also entitled to punitive damages for these willful violations, pursuant to 15 U.S.C. § 1681n(a)(2).

70.    Plaintiff and all other members of the Proposed FCRA Class are further entitled to recover their costs and attorneys' fees, pursuant to 15 U.S.C. § 1681n(a)(3).

## IX.
## THIRD CAUSE OF ACTION
## FOR FAILURE TO PROVIDE COMPLIANT MEAL PERIODS
## [CALIFORNIA LABOR CODE §§ 512 AND 226.7]
## (BY PLAINTIFF AND ALL MEMBERS OF THE PROPOSED
## CALIFORNIA CLASS AGAINST ALL DEFENDANTS)

71.    Plaintiff, on behalf of himself and the Proposed California Class, reallege and incorporate by reference all previous paragraphs.

72.    Employees are entitled a second meal period of at least thirty (30) minutes for shifts over ten (10) hours, which must be permitted to commence within the first ten (10) hours of a shift. Cal. Lab. Code § 512. In the alternative, employees

must be paid one additional hour of pay at the employee's regular rate of compensation for each workday that the mandated meal period was not provided. Cal. Lab. Code § 226.7.

73.    Upon information belief, Defendant failed to maintain a meal period policy advising Plaintiff and the Proposed California Class of this right.

74.    Plaintiff and the Proposed California Class consistently worked shifts over ten (10) hours.  Nevertheless, Defendant failed to provide lawful second meal periods to Plaintiff and the Proposed California Class or meal premium wages in lieu thereof.

75.    Accordingly, Plaintiff and the Proposed California Class are entitled to damages pursuant to Cal. Lab. Code § 226.7.

## X.

## FOURTH CAUSE OF ACTION

## FOR FAILURE TO PROVIDE COMPLIANT REST PERIODS

## [CALIFORNIA LABOR CODE § 226.7]

## (BY PLAINTIFF AND ALL MEMBERS OF THE PROPOSED

## CALIFORNIA CLASS AGAINST ALL DEFENDANTS)

76.    Plaintiff, on behalf of himself and the Proposed California Class, reallege and incorporate by reference all previous paragraphs.

77.    Defendant maintains a consistent policy of failing to permit Plaintiff and the Proposed California Class the ability to leave Defendant's business premises during rest breaks in violation of *Augustus*, 2 Cal.5th at 269 (an employer that limits where an employee can take a break does not "relinquish control over how employees spend their time").

78.    In addition, Defendant failed to pay one additional hour of pay at the employee's regular rate of compensation for each workday that class members were not permitted to leave the premises during rest breaks.  Cal. Lab. Code § 226.7.

79.    Accordingly, Plaintiff and the Proposed California Class are entitled to

damages pursuant to Cal. Lab. Code § 226.7.

## XI.

### FIFTH CAUSE OF ACTION

### WAITING TIME PENALTIES

### [CALIFORNIA LABOR CODE § 203]

### (BY PLAINTIFF AND ALL MEMBERS OF THE PROPOSED

### CALIFORNIA CLASS AGAINST ALL DEFENDANTS)

80.    Plaintiff, on behalf of himself and the Proposed California Class, reallege and incorporate by reference all previous paragraphs.

81.    Numerous members of the Proposed California Class including Plaintiff are no longer employed by Defendant.  They were either fired or quit Defendant's employ.

82.    Plaintiff was terminated in-person on July 10, 2018, and received his final paycheck on July 16, 2018.  Thus, his final paycheck was late under Cal. Lab. Code § 203, as this provision requires the immediate payment of final wages in the event of termination.  Upon information and belief, other Proposed California Class members also received their final paycheck late if they were terminated.

83.    Defendant's failure to timely issue final paychecks upon termination, and failure to pay wages under Cal. Lab. Code § 226.7 throughout the class period, was willful in that Defendants knew wages to be due but failed to pay them, thus entitling Plaintiff and the Proposed California Class to penalties under Cal. Lab. Code § 203, which provides that an employee's wages shall continue as a penalty until paid for a period of up to thirty (30) days from the time they were due.

84.    Defendant has failed to pay Plaintiff and others a sum certain at the time of termination or within seventy-two (72) hours of their resignation, and has failed to pay those sums for thirty (30) days thereafter.  Pursuant to the provisions of Cal. Lab. Code § 203, Plaintiff and the Proposed California Class are entitled to a penalty in the amount of Plaintiff's and the Proposed California Class members' daily wage

1  multiplied by thirty (30) days.

## XII.

### SIXTH CAUSE OF ACTION

### UNFAIR COMPETITION

### [CALIFORNIA BUSINESS & PROFESSIONS CODE § 17200]

### (BY PLAINTIFF AND ALL MEMBERS OF THE PROPOSED

### CALIFORNIA CLASS AGAINST ALL DEFENDANTS)

85.    Plaintiff, on behalf of himself and the Proposed California Class, reallege and incorporate by reference all previous paragraphs.

86.    This is a Class Action for Unfair Business Practices. Plaintiff, on behalf of himself, on behalf of the general public, and on behalf of the Proposed California Class, brings this claim pursuant to Business & Professions Code § 17200, et seq. The conduct of Defendant as alleged in this Complaint has been and continues to be unfair, unlawful, and harmful to Plaintiff, the general public, and the Proposed California Class.  Plaintiff seeks to enforce important rights affecting the public interest within the meaning of Code of Civil Procedure § 1021.5.

87.    Plaintiff is a "person" within the meaning of Business & Professions Code § 17204, and therefore has standing to bring this cause of action for injunctive relief, restitution, and other appropriate equitable relief.

88.    Business & Profession Code § 17200, et seq. prohibits unlawful and unfair business practices.

89.    California's wage and hour laws express fundamental public policies. Providing employees with proper wages and compensation are fundamental public policies of this State and of the United States.  Labor Code § 90.5(a) articulates the public policies of this State to enforce vigorously minimum labor standards, to ensure that employees are not required or permitted to work under substandard and unlawful conditions, and to protect law-abiding employers and their employees from competitors who lower their costs by failing to comply with minimum labor

standards.

90.    Defendant has violated statutes and public policies as alleged herein. Through the conduct alleged in this Complaint, Defendant has acted contrary to these public policies, have violated specific provisions of the California Labor Code, and have engaged in other unlawful and unfair business practices in violation of Business & Profession Code § 17200, et seq., depriving Plaintiff, and all persons similarly situated, and all interested persons of rights, benefits, and privileges guaranteed to all employees under law.

91.    Defendant's conduct, as alleged herein, constitutes unfair competition in violation of § 17200, et seq. of the Cal. Business & Professions Code.

92.    Defendant, by engaging in the conduct alleged herein, either knew or in the exercise of reasonable care, should have known that the conduct was unlawful. As such it is a violation of § 17200, et seq. of the Cal. Business & Professions Code.

93.    As a proximate result of the above-mentioned acts of Defendant, Plaintiff and others similarly situated have been damaged in a sum as may be proven.

94.    Unless restrained, Defendant will continue to engage in the unlawful conduct as alleged above.  Pursuant to the Cal. Business & Professions Code, this court should make such orders or judgments, including the appointment of a receiver, as may be necessary to prevent the use or employment by Defendant, its agents, or employees, of any unlawful or deceptive practices prohibited by the Cal. Business & Professions Code, and/or, including but not limited to, restitution and disgorgement of profits which may be necessary to restore Plaintiff and members of the proposed California Class the money Defendant has unlawfully failed to pay.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for judgment against each Defendant, jointly and severally, as follows:

1.    On behalf of the Proposed FCRA Class:

A)    That the Court certify the First and Second Causes of Action asserted

1   by the Proposed FCRA Class as a Class Action pursuant to Fed. R. Civ.

2   Proc. 23(b)(2) and/or (3);

3   B)   A determination and judgment that Defendant willfully violated 15

4   U.S.C. § 1681(b)(2)(A)(i) and(ii) of the FCRA;

5   C)   Pursuant to 15 U.S.C. § 1681n(a)(1)(A), an award of statutory damages

6   to Plaintiff and all other members of the Proposed Class in an amount

7   equal to $1,000 for Plaintiff and all other members of the Proposed

8   FCRA Class for each willful violation of the FCRA;

9   D)   Pursuant to 15 U.S.C. § 1681n(a)(2), an award of punitive damages to

10   Plaintiff and all other members of the Proposed FCRA Class;

11   E)   An award for costs of suit and reasonable attorneys' fees pursuant to 15

12   U.S.C. § 1681n(a)(3); and,

13   F)   Such other and further relief as the Court deems just and equitable.

14   2.   On behalf of the Proposed California Class:

15   A)   That the Court certify the Third through Sixth Causes of Action asserted

16   by the Proposed California Class as a Class Action pursuant to Fed. R.

17   Civ. Proc. 23(b)(2) and/or (3)

18   B)   For meal period premium wages to Plaintiff and the Proposed

19   California Class equal to one additional hour of pay at the employee's

20   regular rate of compensation for each workday that a compliant meal

21   period is not provided (Cal. Lab. Code § 226.7(c));

22   C)   For rest period premium wages to Plaintiff and the Proposed California

23   Class equal to one additional hour of pay at the employee's regular rate

24   of compensation for each workday that a compliant rest period is not

25   provided (Cal. Lab. Code § 226.7(c));

26   D)   An award of prejudgment and post judgment interest;

27   E)   For penalties for all employees who were terminated or resigned equal

28   to their daily wage times thirty (30) days (Cal. Lab. Code § 203);

20

**CLASS ACTION COMPLAINT**

F)     An order enjoining Defendant and its agents, servants, and employees, and all persons acting under, in concert with, or for it from providing Plaintiff and the Proposed California Class with compliant breaks and wages upon termination/resignation pursuant to Cal. Lab. Code §§ 226.7, 512, and 203, and IWC 1-2001;

G)     For restitution for unfair competition pursuant to Cal. Business & Professions Code § 17200, et seq., including disgorgement or profits, in an amount as may be proven;

H)     An award providing for payment of costs of suit;

I)     An award of attorneys' fees; and

J)     Such other and further relief as this Court may deem proper and just.

## **DEMAND FOR JURY TRIAL**

Plaintiff hereby demands a trial of his claims by jury to the extent authorized by law.


DATED: March 7, 2019           KINGSLEY & KINGSLEY, APC

By:_____
        Eric B. Kingsley
        Kelsey M. Szamet
        Justin Aufderhar
        Attorneys for Plaintiff

**CLASS ACTION COMPLAINT**